116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jim Lee SHEPHERD, Defendant-Appellant.
 No. 96-50390.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-94-00946-LGB-02, Lourdes G. Baird, District Judge, Presiding.
 Before BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant's argument that there was an inadequate prima facie showing of discrimination was rendered moot by the district court's decision to require defendant to provide a race-neutral explanation for the strike. See United States v. Chanaco, 1 F.3d 837, 839-40 (9th Cir.1993). Moreover, we accord "great deference to a trial court's determination regarding the establishment of a prima facie case," Johnson v. Campbell, 92 F.3d 951, 953 (9th Cir.1996), which here was based on defendant's striking every single Caucasian male (six in total) to appear in the jury box. Finally, the district court could reject defendant's proffered race-neutral explanation even though it wasn't inherently discriminatory; the court was entitled to reject it because it defied common sense and lacked credibility. See Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995).
 
 
 3
 There was ample evidence to sustain the two-level role enhancement: Given the conspicuously high commissions ($1500 for a $2500 refund), the district court could reasonably conclude that all forty individuals who filed false returns were knowing participants in the scheme. See U.S.S.G. § 3B1.1(a). Furthermore, the district court did not commit clear error in finding that Shepherd was a leader or organizer within U.S.S.G. § 3B1.1(a). As well, the district court made the requisite finding of all the elements of perjury to sustain a two-level increase in the offense level for obstruction of justice. Compare E.R. at 165 with United States v. Dunnigan, 507 U.S. 87, 95 (1993).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3